UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Samuel Kowouto, on behalf of himself and all others similarly situated, | Case No. 22-cv-2655 (WMW/LIB) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| Jellum Law, P.A., | |
| Defendant. | |

---

This matter is before the Court on Defendant Jellum Law, P.A.'s ("Jellum Law") motion to dismiss Plaintiff Samuel Kowouto's complaint for failure to state a claim on which relief can be granted. For the reasons addressed below, Jellum Law's motion to dismiss is denied.

## BACKGROUND

In September 2021, Kowouto entered into a lease agreement with IH3 Property Minnesota L.P. ("IH3") to rent a home located in Brooklyn Park, Minnesota. Pursuant to the lease agreement, IH3 agreed to invoice Kowouto separately for water, sewer and trash. Kowouto alleges that he was not invoiced for these charges, and consequently this portion of Kowouto's financial obligation remained unpaid. IH3 retained Jellum Law to bring an eviction action against Kowouto in Hennepin County District Court.[1]

---

[1] *IH3 Property Minnesota, L.P., a Delaware limited partnership, d/b/a Invitation Homes v. Samuel Kowouto, et al.,* No. 27-CV-HC-22-1668.

Kowouto alleges that the complaint filed in the eviction action stated that "[the] Landlord, pursuant to the terms of the Lease, is also entitled to payment of all attorneys' fees incurred by [the] Landlord." But the lease agreement provides that "in any legal action brought by either party to enforce the terms of the Lease, the prevailing party is entitled [to] costs incurred in connection with such action, including reasonable attorneys' fees, expenses, and other costs of collection provided, however, that such amount shall not exceed Five Hundred Dollars ($500.00)."

IH3 and Kowouto entered a settlement agreement that did not require either party to pay attorneys' fees. Following the settlement, Kowouto brought this action against Jellum Law in Hennepin County District Court, on behalf of himself and all other similarly situated individuals, alleging that Jellum Law violated the Federal Debt Collection Practices Act ("FDCPA") by claiming that Kowouto is responsible for *all* attorneys' fees incurred in the eviction action. Jellum Law subsequently removed the action to federal court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. On October 28, 2022, Jellum Law moved to dismiss for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**ANALYSIS**

To survive a motion to dismiss, a complaint must allege facts that, if accepted as true, establish a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, the district court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th

Cir. 2010).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A plaintiff may not rely on, nor may a district court consider, legal conclusions couched as factual allegations.  *See Iqbal*, 556 U.S. at 678-79.

Jellum Law presents three arguments in support of its motion to dismiss: (1) the FDCPA does not apply to eviction actions; (2) any representation made to Kowouto was immaterial because he was represented by an attorney; and (3) the FDCPA is inapplicable because communications were not directed to Kowouto, but to the state district court in the eviction action.  These arguments are addressed in turn.

Jellum Law maintains that the FDCPA does not apply because an eviction action is not an attempt to collect on a consumer debt.  To prevail on an FDCPA claim, a plaintiff must prove that (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  *Klein v. Stewart Zlimen & Jungers, Ltd.*, No. 18-CV-658, 2019 WL 79317 at *3 (D. Minn. Jan. 2, 2019); *see also Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 110 (3d Cir. 2016).  Kowouto seeks relief under three provisions of the FDCPA: section 1692e(2)(A), which prohibits the "false representation of . . . the character, amount, or legal status of any debt," section 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," and section 1692f(1), which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the

principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Here, Jellum Law argues that it did not violate any FDCPA provision because an eviction action is not an attempt to collect on a debt.  Rather, Jellum Law contends, an eviction action is brought solely to resolve possessory interests in a property.  Minnesota law defines an eviction action as "a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law." Minn. Stat. § 504B.001, subd. 4.  An eviction action for nonpayment of rent "is equivalent to a demand for rent." Minn. Stat. § 504B.291, subd. 1.  Because it is equivalent to a demand for rent, "an eviction action qualifies as an attempt to collect a debt" under the FDCPA. *Worley v. Engel*, No. 17-CV-1105 (PAM/SER), 2017 WL 3037558 at *3 (D. Minn. July 18, 2017); *accord Lipscomb v. The Raddatz L. Firm, P.L.L.C.*, 109 F. Supp. 3d 251, 258 (D.D.C. 2015) (nothing precludes eviction actions from serving the dual purpose of also seeking judgments on tenants' debts). Because an eviction action under Minnesota law is equivalent to a demand for rent, an eviction action is a debt collection proceeding. The FDCPA, therefore, applies to the eviction action.

Jellum Law next contends that, in light of the Supreme Court's decision in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019), the FDCPA no longer can be interpreted as applying to actions brought to enforce possessory interest in a property. According to Jellum Law, an eviction action does not qualify as a debt-collection action because a collection of monetary value owed does not occur, thus the FDCPA does not apply.  But Jellum Law misstates *Obduskey's* holding. The *Obduskey* court concluded, only

for the purpose of section 1692f(6) of the FDCPA, that persons who are "engaged in no more than the 'enforcement of security interests'" are not debt collectors. 139 S. Ct. at 1033. *Obduskey* does not address the circumstances here. The eviction action did not relate to the enforcement of a security interest. The eviction action related to the possessory interest of IH3 in the property at issue. *Obduskey* has no relevance to this lawsuit.[2] Accordingly, the FDCPA applies, and the Court declines to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), on this ground.

Jellum Law argues that even if an unsophisticated consumer could have been misled by the statement in the complaint for which Kowouto seeks recovery, Kowouto cannot prevail because he was represented by counsel. One purpose of the FDCPA is to protect the unsophisticated consumer—that is, "consumers of below-average sophistication or intelligence" who are especially vulnerable to fraudulent schemes. *Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000) (quotation omitted). When a party is not represented by counsel at the time of the alleged FDCPA violation, the Court must examine whether a reasonable consumer of below-average sophistication or intelligence would be misled or

---

[2] Jellum Law also argues that Kowouto's attorney, Thomas Lyon, conceded that *Obduskey* applies because Lyon moved to voluntarily dismiss *Seifert et al v. Hanbery & Turner, P.A., 18-cv-03273-JNE-BRT,* another FDCPA eviction-related case referencing *Obduskey*. (Dkt. 14 at 3-4). But neither the plaintiff's motion nor the court's order in *Seifert* addresses how or why *Obduskey* is applicable. (*See* Dkt. 15-2 at 1.) Moreover, Jellum Law does not advance any substantive arguments as to *Obduskey's* relevance here, other than observing *Seifert* involved eviction proceedings and that Lyon cited to *Obduskey* in the *Seifert* dismissal motion.

deceived by the false representation. *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 437 (8th Cir. 2015). When the party is represented by counsel, however, "[the] attorney is interposed as an intermediary between a debt collector and a consumer," and the Court may "assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." *Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 574 (8th Cir. 2015) (internal quotations omitted). For this reason, "a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable." *Id.* (quoting *Evory v. RJM Acquisitions Funding, L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007)).

Here, Jellum Law argues that the "competent attorney" standard applies to the complaint filed in the eviction action because Kowouto was represented by an attorney in that proceeding. Citing *Powers*, Jellum Law argues the "unsophisticated standard" applies only to FDCPA claims challenging debt collection letters and communication directly to the consumer, which is not the circumstance here. *Id.* at 574. According to Jellum Law, even if an unsophisticated consumer could have been misled by the statement in the complaint, Kowouto's attorney should not have been misled by the statement. For this reason, Jellum Law argues, Kowouto is not entitled to relief under the FDCPA. Kowouto disagrees, arguing that when the eviction-action complaint was served, he was not represented by counsel.

Jellum Law's argument is unavailing. Whether Kowouto was represented by counsel during the underlying state-court proceedings is a disputed factual issue that is not appropriate for disposition under Rule 12(b)(6). Kowouto contends that he received the

state-court complaint *before* he was represented by counsel.  Viewing the evidence in the light most favorable to Kowouto, as required at this stage of the proceedings, when the communication was received Kowouto did not have the protection of a competent attorney (or any attorney).  Jellum Law's communications with Kowouto, therefore, must be judged using the standards applied to an unsophisticated consumer rather than a competent attorney.  When doing so, Kowouto plausibly alleges that an unsophisticated consumer could have been misled by the allegation in the state-court complaint that the prevailing party would be entitled to *all* attorney's fees notwithstanding the lease agreement.[3]  Jellum Law's "Competent Attorney" argument in favor of dismissal pursuant to Fed. R. Civ. P. 12(b)(6), therefore, is unavailing at this time.  Accordingly, the Court declines to grant Jellum Law's motion to dismiss Fed. R. Civ. P. 12(b)(6) on this ground.

Jellum Law next contends that it did not violate the FDCPA because Jellum Law directed its communication *not* to Kowouto but to the state district court presiding over the eviction action.  "[T]he text of the FDCPA does not indicate to whom a communication or practice must be directed to be actionable."  *Lipscomb*, 109 F. Supp. 3d at 265.  The

---

[3] Jellum Law relatedly argues that the misstatement in the state-court complaint was immaterial and therefore not actionable under the FDCPA.  *See Hill v. Accts. Receivable Servs., LLC*, 888 F.3d 343, 346 (8th Cir. 2018) (finding that because "[a] statement cannot mislead unless it is material, . . . a false but non-material statement is not actionable." (Citations omitted).  This materiality argument appears to be a restatement of Jellum Law's argument regarding the "competent attorney" standard.  Put another way, Jellum Law appears to contend that any misstatement in the complaint should be found to be immaterial because Kowouto's attorney could not have been misled by the statement.  But for the reasons addressed above, the "competent attorney" standard is not applicable at this time.

FDCPA, however, does define "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).  And the United States Court of Appeals for the Eight Circuit has declined to hold that statements made to mislead a court could never violate the FDCPA, directing that a case-by-case approach is warranted.  *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818 (8th Cir. 2012) (rejecting a district court's "broad ruling that false statements not made directly to a consumer debtor are never actionable" under the FDCPA).  To determine whether a representation made to a third party is "false, deceptive, or misleading" so as to violate the FDCPA, a "case-by-case" analysis is required.  *Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640, 645 (8th Cir. 2021) (quoting *Hemmingsen*, 674 F.3d at 819).  For example, "[a] defendant debt collector lawyer [who] routinely files collection complaints containing intentionally false assertions of the amount owed, serves the complaints on unrepresented consumers, and then dismisses any complaint that is not defaulted" would likely meet the standard for violating section 1692e.  *Smith*, 990 F.3d at 645.

Jellum Law reasons that a statement in the prayer for relief is not directed towards Kowouto.  Rather, such a statement is part of the ultimate satisfaction sought by a plaintiff of the court.  Jellum Law contends that it did not violate the FDCPA because any "false, deceptive, or misleading" statements that it made, were directed at the state district court and were not directed to Kowouto.  This argument is unavailing.  Whether the representation made to a court in an eviction action was "false, deceptive, or misleading" so as to impose liability under the FDCPA is a fact-intensive determination.  *Hemmingsen*,

674 F.3d at 819.  When the evidence is viewed in the light most favorable to Kowouto, a complaint alleging facts in support of an intentionally false assertion as to the amount of attorneys' fee owed is sufficient to plausibly allege a violation of the FDCPA.  Thus, Jellum Law's argument that its communication were *not* directed to Kowouto but to the state district court are unavailing.[4]  Accordingly, the Court declines to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), on this ground.

Because Kowouto has established a facially plausible claim for relief, Jellum Law's motion to dismiss is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jellum Law, P.A.'s motion to dismiss, (Dkt. 5), is **DENIED**.

Dated: May 12, 2023               s/Wilhelmina M. Wright
                                  Wilhelmina M. Wright
                                  United States District Judge

---

[4] Moreover, because Jellum Law raised this for the first time in its reply memorandum, Kowouto did not have a full and fair opportunity to respond.  The Court is fully entitled not to consider the argument.  *See* D. Minn. L.R. 7.1(c)(3)(B) ("A reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response."); *Redking Foods LLC v. Minn Associates LP*, No. 13-CV-0002 (PJS/JSM), 2014 WL 754686, at *4 & n 4-5 (D. Minn. Feb. 26, 2014) (collecting cases).